UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Mark McGriff, Board of Trustees Chairman and Doug Robinson Board of Trustees Secretary, on behalf of KENTUCKY STATE DISTRICT COUNCIL OF CARPENTERS PENSION TRUST FUND n/k/a INDIANA/KENTUCKY/ OHIO REGIONAL COUNCIL OF CARPENTARS PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Catron Interior Systems, Inc., et al., <br><br> Defendants. | No. 1:14-CV-1359-TWP-TAB |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

Pending before the Court is a motion to dismiss based on insufficiency of process filed by Defendants Catron Interior Systems, Inc. and Mike Catron. As explained below, the Magistrate Judge recommends that Defendants' motion be granted.

Plaintiffs filed their complaint against Defendants on August 18, 2014, and the Clerk issued a summons the following day. On February 27, 2015, the Clerk issued a second summons. The next entry in this case occurred on May 4, 2015, when the Court issued an order for Plaintiffs to show cause why their action should not be dismissed for lack of service and failure to prosecute. [Filing No. 7.] On May 15, 2015, Plaintiffs responded by filing a return of service, stating that Defendants were served on May 6, 2015. Defendants' motion to dismiss followed.

Defendants argue that the May 6, 2015, service of process was untimely and that Plaintiffs' case should be dismissed as a result. Under Rule 4(m) of the Federal Rules of Civil

Procedure, when service is not accomplished within 120 days[1] of filing the complaint the Court will "dismiss the action without prejudice against the defendant or order that service be made within a specified time."  However, if Plaintiffs show "good cause for the failure," the Court "must extend the time for service for an appropriate period."  *Id.*  In determining whether service was sufficient, the Court must view the facts in a light most favorable to the nonmoving party.  *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003).

       Plaintiffs' response fails to provide any good cause for their lack of service.  Plaintiffs make no attempt to explain why they did not serve Defendants until eleven days after this Court issued its show cause order.  Plaintiffs knew how to contact Defendants because they were in direct communication in another litigation matter.  There simply is no good reason for Plaintiffs' failure to timely serve Defendants.  Plaintiffs had ample time and opportunity for effectuating service yet failed to do so.  Thus, an extension of time for service is not appropriate.

       Plaintiffs only argue that process was proper because they completed service within 120 days of the second summons being issued.  Even viewing the facts in a light favorable to Plaintiffs, their argument fails as a matter of law.  The clock to serve Defendants began running with the filing of the complaint on August 18, 2014.  *See* Fed. R. Civ. P. 4 (stating that service must be within 120 days "after the complaint is filed").  Plaintiffs agree that service of process occurred on May 9, 2015.  [Filing No. 16, at ECF p. 2.]  The date of the second summons is not determinative of timely service under Rule 4.  Accordingly, service on Defendants was untimely

---

[1] Amendments to Rule 4 took effect on December 1, 2015, reducing the time limit for service from 120 days to 90 days.  The reduced time frame is only applicable to cases filed on or after December 1, so Plaintiffs are given the more generous 120 days in this case.  General Order of Hon. Richard L. Young (Nov. 25, 2015), *available at* http://www.insd.uscourts.gov/news.  Even so, Plaintiffs failed to effectuate timely service.

because it occurred 260 days after Plaintiffs filed their complaint.  Plaintiffs' cause of action should therefore be dismissed without prejudice.

     For these reasons, the Magistrate Judge recommends that Defendants' motion to dismiss [Filing No. 10] be granted.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute wavier of subsequent review absent a showing of good cause for such failure.

Date: 12/9/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Alan W. Roles
COLEMAN ROLES & ASSOCIATES, PLLC
alanwroles@yahoo.com

Thomas Edward Moss
PAUL T. BERKOWITZ & ASSOCIATES
tom@ptblaw.com

Paul T. Berkowitz
PAUL T. BERKOWITZ & ASSOCIATES, LTD.
paul@ptblaw.com